UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY BASKIN,<br><br>                       Plaintiff,<br><br>-against-<br><br>NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS and CHARLES THERRIAULT, individually,<br><br>                       Defendants. | Case No. 19-cv-04554-GHW<br><br>**ANSWER OF DEFENDANTS** |

Defendants National Association of Insurance Commissioners ("NAIC") and Charles Therriault ("Therriault") (collectively, "Defendants") by their attorneys, Bryan Cave Leighton Paisner LLP, for their answer to the Complaint state as follows:

1. Defendants aver that the allegations in paragraph 1 constitute legal argument not requiring a response, and otherwise deny the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants aver that the allegations in paragraph 3 constitute legal argument not requiring a response, and otherwise deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint on information and belief.

6. Defendants deny the allegations in paragraph 6 of the Complaint, except admit that Plaintiff was employed by NAIC from April 22, 2002 through March 31, 2017, and was in a credit analyst position for a portion of that time period.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 regarding Plaintiff's age and Defendant NAIC admits the allegation in paragraph 7 regarding Plaintiff's age on information and belief.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint, except admit that Defendant Therriault was "Director, Securities Valuation Office" ("SVO") in the period July 23, 2013 through March 31, 2017, and that Plaintiff worked in the SVO.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint. Defendant NAIC admits the allegation in paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

600566210.8\1048033\000029

17. Defendants deny the allegations in paragraph 17 of the Complaint, except admit that Plaintiff consistently received positive evaluations from his direct supervisors.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except admit that as a Credit Analyst Supervisor (informally referred to as Team Leader), Plaintiff had increased responsibilities from his prior position of Senior Analyst, and supervised five analysts.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff made himself available to review the work of other Team Leaders.

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 30 of the Complaint regarding Plaintiff's age. Defendant NAIC admits the allegation in paragraph 30 of the Complaint regarding Plaintiff's age on information and belief.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 34 of the Complaint. Defendant NAIC denies the allegations in paragraph 34 of the Complaint.

35. Defendants admit the allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 38 of the Complaint. Defendant NAIC admits the allegations in paragraph 38 of the Complaint.

39. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 39 of the Complaint. Defendant NAIC denies the allegations in paragraph 39 of the Complaint.

40. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 40 of the Complaint. Defendant NAIC admits the allegations in paragraph 40 of the Complaint, except denies any implication that Cheng was more supportive of Plaintiff than the other applicants.

600566210.8\1048033\000029

41. With respect to paragraph 41 of the Complaint, Defendants admit the allegations in the first sentence and deny the allegations in the second sentence, except admit that "Therriault responded that it was true."

42. Defendants admit the allegations in paragraph 42 of the Complaint.

43. Defendants admit the allegations in paragraph 43 of the Complaint.

44. Defendants admit the allegations in paragraph 44 of the Complaint.

45. Defendant Therriault denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 45 of the Complaint regarding Phelps' age. Defendant NAIC admits the allegation in paragraph 45 of the Complaint regarding Phelps' age on information and belief. Defendants admit that Phelps worked for NAIC for approximately two years.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants admit the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint, except admit the allegations in paragraph 48 are correct for 2016.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants admit the allegations in paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Defendants admit the allegations in paragraph 60 of the Complaint, except deny the implication that this communication occurred after Therriault informed Plaintiff that Phelps had been selected for the Credit Manager position.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants admit the allegations in paragraph 62 of the Complaint.

63. Defendants admit the allegations in paragraph 63 of the Complaint, except deny the implication that this communication occurred after Therriault informed Plaintiff that Phelps had been selected for the Credit Manager position.

64. Defendants admit the allegations in paragraph 64 of the Complaint, except deny the implication that this communication occurred after Therriault informed Plaintiff that Phelps had been selected for the Credit Manager position.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegation in paragraph 66 of the Complaint that Defendant Therriault told Renz, or implied, that Plaintiff's work on reports was not up to par; Defendant Therriault otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint; and Defendant NAIC otherwise denies

600566210.8\1048033\000029

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint, except admit that Plaintiff sent an email to Therriault that he planned to leave NAIC effective March 31, 2017, and aver that the email states: "I will be leaving the SVO on March 31. Thanks."

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint, except admit that Harry Olsen was employed by NAIC for more than ten years and Therriault was his direct supervisor after Therriault started employment with NAIC.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint, except admit that Therriault referred to Olsen's lack of proficiency with Microsoft Office in his performance evaluations.

73. Defendants admit the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. With respect to paragraph 80 of the Complaint, Defendants incorporate their responses to the paragraphs 1 - 80 of the Complaint as if fully set forth herein

82. Defendants admit the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. With respect to paragraph 86 of the Complaint, Defendants incorporate their responses to the paragraphs 1 - 85 of the Complaint as if fully set forth herein.

87. Defendants deny the allegations in paragraph 87 of the Complaint, except admit that NAIC employed Plaintiff.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against the Defendants for constructive discharge on the basis of age under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. ("ADEA") or the New York City Human Rights Law ("NYCHRL").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93. The ADEA does not authorize an award of damages or other monetary relief for mental anguish, emotional damages, humiliation or insult to dignity, and therefore the Complaint fails for state a claim for relief under the ADEA for these alleged injuries.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94. Plaintiffs' claims, in part, are barred by applicable limitations periods.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95. Defendant NAIC's decisions with respect to selecting a candidate for the Credit Manager position in 2017 were based on reasonable factors other than age.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96. Even if Plaintiff proves that age was an impermissible motivating factor in the selection of Linda Phelps rather than Plaintiff for a Credit Manager position in 2017, Defendant NAIC nonetheless would not have selected Plaintiff for that position for lawful reasons.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

97. Plaintiff's hostile work environment claims and related alleged compensatory and punitive damages are barred or limited because, at all relevant times, appropriate anti-discrimination policies were in effect, Plaintiff failed to avail himself of those policies and failed to disclose or report any allegations of discrimination, harassment or retaliation before he notified NAIC that he was going to resign on March 31, 2017.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

98. Plaintiff's hostile work environment claims and related alleged compensatory and punitive damages are barred, in whole or in part, because Defendants' alleged conduct consists of nothing more than what a reasonable employee of his age would consider petty slights and trivial inconveniences.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

99. Without conceding that Defendants have the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendants aver that, through use of diligent efforts, Plaintiff could have mitigated his alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

**WHEREFORE**, all claims for relief should be dismissed in their entirety, and Defendants should be awarded their attorneys' fees and costs, to the extent permitted by applicable law.

Dated: New York, New York
August 23, 2019

**BRYAN CAVE LEIGHTON PAISNER LLP**

 */s/ Jay P. Warren*
Jay P. Warren
Laurie Belony
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
jpwarren@bclplaw.com
laurie.belony@bclplaw.com

*Attorneys for Defendants*